UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DONALD W. HOLTZ, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:09-CV-244-TLS |
| | ) | |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY | ) ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

The Petitioner, Donald W. Holtz, Jr., a prisoner proceeding pro se, is serving a 14-year sentence for his May 10, 2000, conviction for class C felony escape. The Petitioner's conviction resulted from his trial *in absentia* when he failed to appear for his trial. The Petitioner's location was unknown to the trial court for over five years following his conviction. He was eventually apprehended and sentenced on January 6, 2006. On May 29, 2009, he filed this Habeas Corpus Petition [ECF No. 1], pursuant to 28 U.S.C. § 2254, raising two grounds for relief. The Respondent, Superintendent, Westville Correctional Facility, filed a Response [ECF No. 8] on September 22, 2009, along with a Brief in Support [ECF No. 9]. The Court previously dismissed one claim in a prior Order [ECF No. 17] as procedurally defaulted and allowed the Petitioner to proceed with his other claim. The Respondent filed a Supplemental Return to Order to Show Cause and Supporting Memorandum [ECF No. 18] on February 17, 2011. The State Record [ECF No. 20] was filed with the Court on February 18, 2011. The Petitioner did not file a traverse. The Court now addresses the merits of the Petitioner's surviving claim, whether the trial court violated clearly established federal law by trying him *in absentia* when he failed to appear

for his trial date. For the reasons discussed below, the Court finds the Petitioner's claim to be without merit, and accordingly denies the Petition.

## FACTS

In evaluating a habeas corpus petition, district courts must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is the Petitioner's burden to rebut this presumption of correctness with clear and convincing evidence. *Id*. Since the Petitioner does not contest the facts as determined by the state courts, they will be accepted as true. The Indiana Court of Appeals set forth the following facts regarding the Petitioner's conviction:

> On July 15, 1999, Holtz [the Petitioner] was being held at the Blackford County Security Center on a pending charge of driving while suspended when he experienced seizures and was transported to the Blackford County Hospital by ambulance. At approximately 1:00 a.m. on July 16, 1999, a correctional officer entered Holtz's room and found that the window was open, the screen was torn, and Holtz was gone. A manhunt ensued, and police found Holtz a few hours later. Holtz admitted to police that he had intentionally escaped from custody, and he later wrote a letter offering to pay restitution for the damage to the window screen.
>
> Holtz's trial was scheduled for May 9, 2000. At a pretrial hearing on October 18, 1999, the following exchange took place:
>
>> COURT: Your trial date has been set in this case and the trial date is May the 9th of next year, of the year, 2000.
>>
>> HOLTZ: Yes, sir.
>>
>> COURT: Commencing at 9:30 and the reason I'm telling that to you in open court is should you post bond and be out on bond and decide not to come on that date, the State could present their evidence in your absence.
>>
>> HOLTZ: Yes.
>>
>> COURT: At that time, do you understand, that since you are aware of when the trial date [sic].

>HOLTZ: Yes, sir.
>
>COURT: That's May the 9th, 2000, at 9:30 a.m. Do you understand that?

On February 9, 2000, the trial court released Holtz on his own recognizance, explaining:

>COURT: Do you understand that your trial date is set for May 9th at 9:30?
>
>HOLTZ: Yes.
>
>COURT: At 9:30, at, May the 9th, 2000, at 9:30.
>
>HOLTZ: Yes, sir.
>
>COURT: All right, do you understand, also, Mr. Holtz, that if you do not appear for that trial that the State may go ahead and present their evidence without you being here.
>
>HOLTZ: Yes, sir. I'll be here.
>
>COURT: Do you understand that? So it is important for you to be here at the trial. Just because I'm releasing you upon your promise to appear doesn't mean that you can ignore that trial date.
>
>HOLTZ: Yes, sir.
>
>COURT: Because if you do so, you do so at your own peril.
>
>Holtz failed to appear before the trial court on May 9, 2000, and the trial occurred in his absence. On May 10, 2000, the jury found Holtz guilty of escape as a class C felony. Two days later, the jury found the defendant to be a habitual offender, and the trial court issued a warrant for his arrest. More than five years later, Holtz was arrested and transported to Blackford County. On January 6, 2006, the trial court held a sentencing hearing. Holtz appeared and was represented by counsel at that hearing. The trial court offered Holtz the opportunity to speak on his behalf, but he declined. The court imposed a sentence of fourteen years.

*Holtz. v. State*, 858 N.E.2d 1059, 1060–61 (Ind. Ct. App. 2006) (brackets, ellipsis, and citations omitted).

The Petitioner filed a direct appeal of his conviction arguing: (1) he did not waive his right to be present at his trial; (2) the trial court erred in failing to provide him a hearing to explain his absence from trial; and (3) he received ineffective assistance of counsel because his attorney failed to object to various forms of evidence. The Petitioner sought transfer to the Indiana Supreme Court claiming only that he was denied an opportunity to explain why he failed to appear for his trial. On March 8, 2007, the Indiana Supreme Court denied transfer. The Petitioner filed a post-conviction relief petition, but he voluntarily withdrew it before the state court addressed that petition.

On May 29, 2009, the Petitioner filed a petition for writ of habeas corpus in this court seeking federal collateral review of his 2006 conviction. In his petition he raised two grounds for relief: (1) invalid waiver of his right to be present at trial, and (2) ineffective assistance of counsel. The Attorney General filed a motion arguing that both grounds were procedurally defaulted. In an Opinion and Order dated December 17, 2010, the Court dismissed the ineffective assistance of counsel claim on the basis that it was procedurally defaulted because the Petitioner did not raise the issue in his petition for transfer to the Indiana Supreme Court. The Court found that the Petitioner's first claim was fairly presented to the Indiana Supreme Court. The thrust of this claim is that he "did not voluntarily, knowingly and intelligently waive his Sixth Amendment right to be present during trial." (Habeas Corpus Petition 6, ECF No. 1.) The Respondent has briefed the merits of the Petitioner's surviving claim, and the Court will address whether he is entitled to relief as a result of the state trying him *in absentia*.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(d), when a case is adjudicated on the merits in a state court proceeding, a writ of habeas corpus can only be granted if the state court's decision resulted from either (1) an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or (2) an unreasonable determination of the facts in light of the evidence presented at trial. The Petitioner does not challenge the factual determinations. Rather, he argues that trying him *in absentia* violated his Sixth Amendment right to be present at his own trial because he did not make a knowing, voluntary, and intelligent waiver of that right.

This same argument was presented to, and rejected by, the Indiana Court of Appeals. It held that, "[w]hen a defendant fails to appear for trial and fails to notify the trial court or provide it with an explanation of [his] absence, the trial court may conclude that the defendant's absence is knowing and voluntary and proceed with trial when there is evidence that the defendant knew of his scheduled trial date." *Holtz*, 858 N.E.2d at 1062 (citing *Carter v. State*, 501 N.E.2d 439, 440–41 (Ind. 1986)). The Indiana Court of Appeals looked to the pre-trial transcript as evidence that the trial court informed the Petitioner, on two separate occasions, of his scheduled trial date, and that it would proceed in his absence if he failed to appear. The appellate court also found that the Petitioner did not notify the court that he would be absent, nor did he provide any explanation for his absence. The trial court gave the Petitioner the opportunity to speak on his own behalf at sentencing but he declined. Therefore, the appellate court found "there was no error in the trial court's decision to try Holtz in absentia." *Id*.

In reaching its decision the appeals court relied exclusively upon Indiana case law. The opinion mentions the Petitioner's Sixth Amendment claim, however, it fails to engage in any substantive analysis of federal law. Nevertheless, *Harrington v. Richter*, 131 S. Ct. 770 (2011), dictates that this Court give deference to the appeals court's implicit determination that there was

no federal constitutional error. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits." *Id*. at 784–85. Even if the decision is "unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* at 784.

The United States Supreme Court has never addressed the constitutional issue of whether a waiver is valid in a case, such as the Petitioner's, where a defendant is not present at the beginning of his trial. In *Crosby v. United States,* 506 U.S. 255 (1993), the Supreme Court determined that the Federal Rules of Criminal Procedure prohibit the trial *in absentia* of a defendant not present at the beginning of trial, however, the Court expressly refused to reach the constitutional question. *Id*. at 262 ("[b]ecause we find Rule 43 dispositive, we do not reach Crosby's claim that his trial *in absentia* was also prohibited by the Constitution.").

There being no clearly established United States Supreme Court law on the subject, it is impossible to say that the state did not properly apply that law. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented . . . it cannot be said that the state court unreasonably applied clearly established Federal law.") (quotation marks, brackets, and citation omitted). As such, it was not unreasonable for the state court to try the Petitioner *in absentia* when he failed to appear for his known trial date. Thus, the Petitioner is not entitled to relief, and his Petition must be dismissed.

As a final matter, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks and citation omitted). Given the United States Supreme Court's explicit refusal to decide the issue presented in the Petition, and the requirement imposed by 28 U.S.C. § 2254(d) that relief only be granted when clearly established federal law has been unreasonably applied, this Court will not hold that reasonable jurists could debate the correctness of this outcome. Therefore, a certificate of appealability must be denied.

For the foregoing reasons, the Court DENIES the Habeas Corpus Petition [ECF No. 1] and DENIES a certificate of appealability.

SO ORDERED on August 6, 2012.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION